UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE WILLIAMS, | ) | CASE NO. 1:22-cv-01352 |
| Petitioner, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| WARDEN KENNETH BLACK, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong. (R. 7). Petitioner Dwayne Williams, represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 1, 2022, raising three grounds for relief. (R. 1). On October 12, 2022, Respondent filed a Return of Writ. (R. 5). On November 9, 2022, Petitioner, through counsel, filed the Traverse to the Return of Writ. (R. 6).

On August 16, 2024, the Magistrate Judge issued her Report and Recommendation (R&R) recommending that the Court dismiss the Petition as barred by the statute of limitations and further found that equitable tolling was not warranted. (R. 7).[1] The R&R expressly cautioned Petitioner that "[f]ailure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party

---

[1] Alternatively, the Magistrate Judge recommended dismissal of all three grounds for relief as procedurally defaulted because Petitioner failed to raise them at all levels of the state court review process while state court review procedures were available to him. (R. 7, PageID# 1224-1228).

responds to the report and recommendation." (R. 7, PageID# 1230, *citing Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, failure to file objections within the specified time may forfeit the right to appeal the District Court's order. After receiving multiple extensions of time to file objections, on December 4, 2024, through counsel, Petitioner filed a Notice of Intent not to file objections to the Report and Recommendation. (R. 14).

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of*

*Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (*citing Berkshire*, 928 F.3d at 530 ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, Petitioner was plainly made aware by the R&R that he was required to timely object to the Report and Recommendation or forfeit his right to appeal, but he has expressly opted not to file any objections.

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Court agrees that the petition is untimely and that no grounds exist to equitably toll the statute of limitations. The Court agrees with the alternative finding that the grounds for relief are procedurally defaulted. The Magistrate Judge's Report and Recommendation (R. 7) is hereby ADOPTED. The matter is hereby DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: February 28, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge